IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARCUS EDWARD GAY, §
TDCJ #01389714, §
 §
      Petitioner, §
 §
v. §
 §  CIVIL ACTION NO. H-20-0319
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
      Respondent. §

**MEMORANDUM OPINION AND ORDER**

Marcus Edward Gay (TDCJ #01389714) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a conviction that was entered against him in 2006. He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

## I. Background

Gay has filed the pending federal habeas corpus Petition to challenge a state court conviction that was entered against him in Harris County Cause No. 1009376 on August 3, 2006.[1] Public records clarify that Gay was convicted of capital murder and sentenced to

---

[1] See Petition, Docket Entry No. 1, pp. 2-3.

life imprisonment in that case, which was affirmed on direct appeal. See Gay v. State, No. 01-06-00713-CR, 2007 WL 3227572 (Tex. App. — Houston [1st Dist.] Nov. 1, 2007, pet. ref'd) (unpublished) (rejecting Gay's challenge to the sufficiency of the evidence as well as his claims that the trial court erred by admitting hearsay testimony and by refusing to instruct the jury on the lesser-included offense of murder).

After Gay's conviction was affirmed on direct appeal, the Texas Court of Criminal Appeals refused his petition for discretionary review on February 13, 2008.[2] He did not pursue further review by filing a petition for a writ of certiorari with the United States Supreme Court.[3] As a result, his conviction became final ninety days later when his time to seek a writ of certiorari expired on May 13, 2008.[4]

In a federal habeas Petition filed on January 27, 2020,[5] Gay now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 for the following reasons:

---

[2]See id. at 3.

[3]See id.

[4]See Sup. Ct. R. 13.1 (stating that a petition for a writ of certiorari is timely when it is filed 90 days from entry of judgment from a state court of last resort).

[5]The Petition is not dated or signed by the petitioner. See Petition, Docket Entry No. 1, p. 10. Absent information from the petitioner about when he placed his pleadings in the prison mail system, the court treats the date that it was received as the filing date. See United States v. Duran, 934 F.3d 407, 412-13 (5th Cir. 2019) (placing the burden on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court).

1. The trial court failed to instruct the jury on the lesser-included offense of murder (Ground 1).

2. The evidence was insufficient to support his conviction (Grounds 2 and 3).

3. Gay had been "drinking and doing drugs prior to the incident" and suffered from "diminished capacity" when he committed the offense (Ground 4).[6]

The Petition must be dismissed because it is untimely filed under the governing one-year statute of limitations that applies on federal habeas review.

## II. Discussion

### A. The One-Year Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review. The applicable limitations period, which is found in 28 U.S.C. § 2244(d), provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[6]See Petition, Docket Entry No. 1, pp. 6-7, 11-14.

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The form Petition submitted by the petitioner sets out the statute of limitations in full, providing notice to the petitioner and an opportunity to respond.[7] Although limitations is an affirmative defense, district courts may raise the defense <u>sua sponte</u> and dismiss a petition without requesting an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief[.]" <u>Kiser v. Johnson,</u> 163 F.3d 326, 328 (5th Cir. 1999); <u>see also Day v. McDonough,</u> 547 U.S. 198, 210 (2006).

As noted above, Gay challenges a state court judgment of conviction that became final on or about May 13, 2008. <u>See Roberts v. Cockrell,</u> 319 F.3d 690, 693 (5th Cir. 2003) (observing that a state conviction is typically considered "final 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied'") (quoting <u>Caspari v. Bohlen,</u> 114 S. Ct. 948, 953 (1994)).

---

[7]<u>See</u> Petition, Docket Entry No. 1, p. 9.

Therefore, Gay had one year, up to and including May 13, 2009, in which to seek a federal writ to challenge his 2006 conviction. The pending Petition, which was received for filing on January 27, 2020, is late by more than ten years and is therefore time-barred unless a statutory or equitable exception applies.

B.      **Neither Statutory nor Equitable Tolling is Available**

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Gay indicates that he filed a state habeas corpus application with the trial court to challenge his 2006 conviction under Article 11.07 of the Texas Code of Criminal Procedure on December 18, 2018, which the Texas Court of Criminal Appeals denied on October 21, 2019.[8] This application does not toll the limitations period under § 2244(d)(2) because it was filed well after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The pleadings do not disclose any other valid basis for statutory tolling. Gay does not assert that he was subject to state action that impeded him from filing his Petition before the limitations period expired. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right

---

[8]See Petition, Docket Entry No. 1, pp. 3-4.

that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, although Gay asserts in his Petition that his claim of diminished capacity is based on "newly discovered evidence,"[9] none of his allegations are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Gay offers no explanation for his decision to delay seeking habeas relief from his conviction, and the facts alleged in the Petition do not demonstrate that he has pursued his rights with the requisite diligence. The Fifth Circuit has repeatedly held that "[e]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks omitted) (citing Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010); and In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)).

Although Gay represents himself in this case, neither his status as an indigent inmate nor his ignorance of the law

---

[9] See id. at 7-8, 14-17.

constitute an exceptional circumstance that excuses a petitioner's failure to file a timely habeas petition. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans Steamship Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" generally do not justify tolling). Because the pleadings do not disclose a valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not

only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because jurists of reason would not debate whether the Petition was untimely, a certificate of appealability will not issue in this case.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) filed by Marcus Edward Gay is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 4th day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE